Scottlynn J Hubbard, SBN 212970
Khushpreet R. Mehton, SBN 276827
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: usdccentral@hubslaw.com

Attorneys for Plaintiff Martin Vogel

Shelly Jay Shafron, SBN 067494
Douglas G. Carroll, SBN 100466
**Shafron & Kramer, LLP**
4764 Park Granada Suite 210
Calabasas, CA 91436-2363
Telephone: (818) 981-3401
Facsimile: (323) 872-1278
Email: saklaw@shafronandkammer.com
       doug@shafronandkammer.com

Attorneys for Defendants Dean Goodhill
and Lynne Goodhill, Trustees

United States District Court

Central District Of California

| | |
|---|---|
| Martin Vogel, | Case No. CV16-02653 CAS (JCx) |
| Plaintiff, | **Joint Rule 26(f) Report** |
| v. | **[FRCP, Rule 26(f)]** |
| Dean Goodhill, Trustee Of The Goodhill Trust Dated March 16, 2005; Lynne D. Goodhill, Trustee Of The Goodhill Trust Dated March 16, 2005, | Date:   September 26, 2016<br>Time:   11:00 a.m.<br>Crtrm: 5 – Second Floor |
| Defendants. | Honorable Christina A Snyder |

Pursuant to F.R.C.P. Rule 26(f) and Local Rule 26-1, Plaintiff Martin Vogel ("Plaintiff") and Defendants Dean Goodhill and Lynne D. Goodhill, Trustees of the Goodhill Trust dated March 16, 2005 ("Defendants") (collectively, "the Parties") hereby submit their Joint Rule 26(f) Report.

The Parties wish to inform the Court that they have reached a tentative settlement in principle and a settlement agreement is being circulated for review and approval. Once the Parties finalize the terms of the agreement and execute the agreement, the Parties will file a Notice of Settlement. However, in order to satisfy this Court's order the Parties hereby submit this Joint Rule 26(f) Report.

A.  Statement of the Case

Plaintiff is a disabled person who has brought suit against Defendants for violations of the Americans with Disabilities Act and various California statutes at the Apollo Center located at 10317 - 10409 Lakewood Boulevard in Downey, California (hereinafter "the Shopping Center")

Plaintiff contends Defendants are the owners, operators, and/or lessors of the Shopping Center.

Plaintiff seeks injunctive relief pursuant to California Civil Code § 55 and the ADA. Plaintiff is seeking statutory minimum damages for each actual visit and incident of deterrence, pursuant to California Civil Code § 54.3(a).

B.  Legal Issues

The ADA prohibits public accommodations from discriminating against disabled individuals. *See* 42 U.S.C. § 12182(a). The ADA includes the following "general rule" with respect to public-accommodation-access liability: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation" *Ibid*. Discrimination under the ADA includes a failure to design and construct facilities for first occupancy that are readily accessible to and usable by individuals with disabilities. *See* 42 U.S.C. § 12183(a). Public accommodations must comply with the accessible standards contained in the ADAAG. *See* 28 C.F.R. 36.406(a). Violations of the ADA constitute a violation of state law Cal. Civil Code §§ 51(f), 54.1(d).

C.   Subject Matter Jurisdiction

Plaintiff asserts jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

Plaintiff asserts venue in the U.S. District Court, Central District of California, under 28 USC § 1391 (b) and (c).

D.   Status of Discovery

The Parties have not yet propounded discovery.

E.   Discovery Plan

*(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:*

The Parties do not believe that any changes in the timing, form, or requirement for disclosures under Rule 26(a) should be made. The Parties anticipate exchanging their initial disclosures under Rule 26(a)(1) within fourteen (14) days of the Rule 26(f) conference.

*(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:*

Plaintiff has not yet conducted any discovery. Plaintiff needs discovery on all areas relevant to the ADA and California access laws, including but not limited to:

- Construction, modification, design, alteration, or issuance of the Certificate of Occupation for the commercial facility with public accommodations, that is the subject of this litigation.
- Defendants' financial status.

The Parties anticipate propounding written discovery, including requests for admissions, document requests, and interrogatories, and taking depositions prior to close of discovery. The amount of depositions the Parties anticipate taking is unknown until the Parties disclose their witnesses.

The Parties do not believe discovery should be conducted in phases or limited to particular issues.

The Parties propose the following deadlines:

1. Discovery Cut-Off                  May 1, 2017
2. Simultaneous Expert Disclosures    February 27, 2017
3. Rebuttal Expert Disclosures        March 27, 2017

*(3) Any issues about disclosures, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:*

The Parties do not anticipate conducting discovery of electronically stored information.

*(4) Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert these claims after production-whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:*

The Parties do not anticipate any attorney-client communication privilege and/or attorney work product doctrine issues will be a factor in this case.

The Parties reserve the right to object as such issues may arise.

The Parties may stipulate to enter into a protective order to protect any privileged/confidential information or documents that may be produced by the Parties during the course of this litigation.

*(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:*

The Parties do not request changes to the limitations on discovery, aside from those imposed by FRCP and Local Rule.

*(6) Any other orders that the court should issue under Rule 26(c) or Rule 16(b) and (c):*

The Parties do not feel any other orders should be entered by the Court under Rule 26(c) and Rule 16(c). Under FRCP Rule 16(b), the Court, upon review of this Joint Rule 26(f) Report may issue a scheduling order.

F. <u>Dispositive Motions</u>

Plaintiff believes that all of his claims will be determined by motion for summary judgment. Plaintiff anticipates filing a motion for summary judgment within the next seven (7) months.

The Parties propose law and motion filing be done by August 7, 2017.

G.    <u>Proposed Dates for Pre-Trial Conference and Trial</u>

The Parties propose a Pre-Trial Conference date of October 2, 2017, and a Trial date of November 7, 2017.

H.    <u>Settlement</u>

The Parties have reached agreement on the material terms of settlement and the form of a settlement agreement. It is being circulated for signature as this report is filed.

The Parties request Settlement Procedure No. 2 (L.R. 16-15.4), an appearance before a neutral selected from the Court's Mediation Panel for all further settlement proceedings.

Plaintiff believes that ordering the Parties to meet at the Shopping Center to discuss the alleged barriers will assist the Parties in obtaining a just, speedy, and inexpensive resolution of this matter.

I.    <u>Trial Estimate</u>

The Parties have not requested a jury trial.

Plaintiff estimates one (1) day for a Court trial. Plaintiff anticipates calling two to three witnesses.

J.    <u>Trial Counsel</u>

Khushpreet R. Mehton will try the case for Plaintiff.

Shelly Jay Shafron and Douglas G. Carroll will try the case for Defendants.

K.    <u>Whether the Case is Complex or Requires Reference to Procedures Set Forth in the Manual on Complex Litigation</u>

The Parties assert that this case is not complex and does not require any

procedures for complex litigation.

L. <u>Possible Joinder of Parties</u>

The Parties do not anticipate joining any additional parties at this time, but reserves the right to do so if the need arises.

M. <u>Unusual Legal Issues Presented by the Case</u>

The Parties do not foresee any unusual legal issues in this case.

N. <u>Proposals Regarding Severance, Bifurcation or Other Ordering of Proof</u>

The Parties do not believe at this time that this case requires severance, bifurcation or other ordering of proof.

O. <u>Patent Cases</u>

The Parties agree that case is not related to any patent cases.

P. <u>Other Issues</u>

The Parties are unaware of any other issues.

Dated:  September 14, 2016     Disabled Advocacy Group, APLC

                               */s/*Scottlynn J Hubbard
                               Scottlynn J Hubbard
                               Attorneys for Plaintiff Martin Vogel

1  Dated: September 14, 2016    Shafron & Kramer, LLP
2
3
4                                 */s/*Shelly Jay Shafron
                                  Shelly Jay Shafron
5                                 Douglas G. Carroll,
                                  Attorneys for Defendants Dean Goodhill
6                                 and Lynne Goodhill, Trustees
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28